## THOMAS S. ELDER, ET AL., *v.* DAVID PROCISE.

**Rule in Weighing Evidence.**

A master or trial court, having heard the evidence and observed the witnesses and their manner of testifying, is in a better position than the judges of an appellate court to make a proper estimate of its value, and this court will not disturb their finding on the weight of the evidence.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

### May 29, 1877.

OPINION BY JUDGE COFER:

The basis of the report of the master and the judgment of the court thereon was in exact conformity with the former opinion of this court and need not be further discussed. The evidence as to the extent to which improvements made by the appellee enhanced the value of the land was, as is always the case when values are to be fixed from the opinions of witnesses, quite conflicting. It was considered by the master and the chancellor, and while we doubt whether they have not erred, we do not feel such confident conviction that such is the case as to warrant us in reversing the judgment on that ground. The master heard much of the evidence from the lips of the witnesses and was on that account in a better position than is occupied by this court to make a proper estimate of its value, and his conclusions having been approved by the chancellor, this court, not being satisfied that there is error in that respect, will not disturb the report.

Clarence Tucker having released his interest to the appellee, the court properly credited the amount found to be due for improvements, and the value of the fifty-one acres by what would have been chargeable against him, and charged the appellee with only two-thirds of the estimated value of the rent.

We do not perceive that the assignment or transfer of the dower of Hiram Tucker's widow to the appellants and Samuel Tucker can affect the questions at issue in this case. Mrs. Elder and Samuel Tucker were answerable for the value of the estate received by them by descent from Hiram, and that value was to be ascertained by deducting from the value of the fifty-one acres the value of the widow's dower. If Mrs. Elder and Samuel Tucker bought the dower, they own it, and it could in no way enter into the settlement of the controversy between them and Clarence.

The court in its judgment credited the amount found due from Mrs. Elder and Samuel Tucker by one year's rent after the date of the master's report, which extended up to January, 1875. The appellee was not bound to tender the possession to the appellants. He might abandon their interest whenever he chose to do so, and he seems to have made no use of any part of the land allotted to them after the division was made, and the court did not err in refusing to give credit for rent after that time.

The appellee had no lien on the 132 acres for the estimated value of the interest of Mrs. Elder and Samuel F. Tucker in the 51 acres. His claim for improvements, however, was a lien. He had two demands against them, one for improvements, and the other for the estate received by them from Hiram Tucker. They had a demand against him for use and occupation. They had no right to have their claim for use and occupation set off against his claim for improvements, rather than against his claim against them on account of the estate they inherited from his vendor. It is true both the court and the commissioner seem to have regarded the claims growing out of the 132 acres as proper to set off against each other, and to have so stated the accounts. But the chancellor certainly had a right to set off the demand for rent against the value of their interest in the 51 acres and then to decree a sale of the land to pay the balance due for improvements, and, as by his judgment he has reached the same result, we do not perceive that the appellants have been prejudiced by the error in the process by which the result was attained.

We are, therefore, of the opinion that the judgment is not preju-
dicial to the substantial rights of the appellants, and it is *affirmed*.

*James Harrison, for appellants.*

*Edwards & Seymour, for appellee.*